ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>RUBÉN ARNALDO TIRADO ORTIZ<br><br>Peticionario | **KLCE202500111** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Ponce<br><br>Civil Núm.: J LA2016G0159<br><br>Sobre: A5.04 Portación y Uso de Armas de Fuego |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 22 de mayo de 2025.

Comparece ante este foro el Sr. Rubén A. Tirado Ortiz (señor Tirado o "el peticionario") por derecho propio, y nos solicita que revisemos una *Orden* emitida por el Tribunal Superior de Ponce, notificada el 15 de enero de 2025. Mediante el referido dictamen, el foro primario denegó la moción sobre *Anulación de Ley de Armas* instada por el peticionario.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** la expedición del auto de *certiorari*.

### I.

Según surge del expediente, el Pueblo de Puerto Rico ("Ministerio Público" o "parte recurrida") formuló una Acusación en contra del señor Tirado por hechos ocurridos el 5 de agosto de 2016. Dicha acusación consistía en infracción al Artículo 93 sobre Asesinato en Primer Grado bajo el Código Penal del 2012 y dos infracciones al Artículo 5.15 sobre disparar o apuntar

armas de fuego de la Ley Núm. 404-2000, Ley de Armas de Puerto Rico, 15 LPRA sec. 458n (Ley de Armas).

El 14 de noviembre de 2016, el peticionario llegó a un acuerdo con el Ministerio Público alegando su culpabilidad. Por consiguiente, el Estado reclasificó el cargo de Asesinato en Primer Grado a Asesinato a Segundo Grado, de igual forma, reclasificó las dos infracciones por violación al Artículo 5.15 al Artículo 5.04 sobre portación y urso de armas de fuego sin licencia de la Ley de Armas. Así pues, el foro primario aceptó la alegación de culpabilidad y condenó al señor Tirado a 58 años de reclusión, ordenando fueran cumplidos de manera consecutiva.

Luego de varias incidencias procesales, el 13 de enero de 2025, el peticionario, por derecho propio, presentó una *Moción en Anulación de Ley de Armas.*[1] En esencia, solicitó que fuera dejada sin efecto su sentencia. Alegó que, la pena impuesta era inconstitucional ya que al momento de ser declarado culpable de infringir el Artículo 5.04 de la Ley de Armas, contaba con licencia de portar armas.

El 15 de enero de 2025, el foro primario notificó una *Orden*, mediante la cual declaró *No Ha Lugar* a la moción del señor Tirado.[2]

Inconforme, el 4 de febrero de 2025, el peticionario presentó el recurso de epígrafe. En este, no hace ni discute señalamiento de error en específico. No obstante, de su escrito surge su inconformidad con la decisión del foro recurrido, al sostener que procedía la

---

[1] *Moción en Anulación de Ley de Armas,* anejo II, págs. 1-4 del apéndice del recurso.
[2] *Orden*, anejo I, págs. 1-2 del apéndice del recurso.

revocación del dictamen recurrido, ya que cumplió con la ley al tener el permiso para portar un arma de fuego.

El 18 de febrero de 2025, emitimos una *Resolución* concediéndole a la parte recurrida el término de quince (15) días para que presentara su alegato en oposición.

Luego de una solicitud de prórroga, el Ministerio Público compareció mediante su *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

El *certiorari* es un recurso extraordinario discrecional expedido por un tribunal superior a otro inferior, mediante el cual el tribunal revisor está facultado para enmendar errores cometidos por el foro revisado, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley." Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Véase, además: *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Su expedición descansa en la sana discreción del tribunal. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2016).

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional. Así, al determinar la procedencia de la expedición de un auto de *certiorari*, este Tribunal deberá considerar, de conformidad con la citada Regla 40, *supra*, si el remedio y la disposición

de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. De igual forma, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del Tribunal de Primera Instancia.

Asimismo, examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

En el contexto del *certiorari* como mecanismo adecuado para revisar resoluciones y órdenes *post sentencia,* nuestro Tribunal Supremo expresó en *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012), que los criterios de nuestra Regla 40, *supra*, adquieren mayor relevancia en aquellas situaciones en las que "no están disponibles métodos alternos para asegurar la revisión de la determinación cuestionada." Sobre el referido recurso de naturaleza extraordinaria, desde 1948, el Tribunal Supremo de Puerto Rico expresó, que procede "para revisar errores cometidos por las cortes inferiores no importa la naturaleza del error imputado." *Pérez v. Tribunal de Distrito y Puig, Interventores*, 69 DPR 4, 19 (1948); *Pueblo v. Díaz De León*, 176 DPR 913, 918 (2009).

### III.

En el caso de autos, el peticionario solicita que revisemos una *Orden* emitida por el foro primario el 15 de enero de 2025. Mediante esta, denegó la solicitud

del señor Tirado sobre anular la sentencia por el delito de portación de armas.

Por su parte, el Ministerio Público alega que el señor Tirado no tiene derecho a una modificación de sentencia. Sostiene que, el peticionario suscribió un acuerdo de culpabilidad y fue informado sobre la pena que cumpliría. Asimismo, indicó que una vez fue realizada la alegación de culpabilidad, éste renunció a todos los derechos que le cobijaban durante las etapas antes del juicio, durante y post-sentencia.

Considerados los criterios establecidos en la Regla 40 de este Tribunal para la expedición del auto de *certiorari*, denegamos la expedición del recurso. La determinación del foro recurrido no constituye un abuso de discreción o error en la aplicación de la norma vigente que justifique nuestra intervención.

A tenor con lo anterior, denegamos la expedición del auto de *certiorari* solicitado.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** la expedición del auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones